IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EDDIE JAMES DAVIS, JR.                                                                      PETITIONER

VS.                                                           CIVIL ACTION NO.  3:22-cv-523-DPJ-FKB

MAJOR UNKNOWN
McCARTHY, ET AL.                                                                            RESPONDENTS

**REPORT AND RECOMMENDATION**

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Eddie James Davis, Jr.  Presently before the Court is Respondents' Motion to Dismiss [15], to which Davis has not responded.

At the time he filed his petition, Davis was a pretrial detainee at the Lauderdale County Detention Center in Meridian, Mississippi.  [1] at 1.  In his petition, Davis challenged his pretrial detention on two counts of arson in the first degree pending before the Circuit Court of Lauderdale County in cause numbers 21-2084 and 22-260.  *Id.* at 2; [7]; [10]; [12].  In response to an order of the Court, Davis clarified his request for relief by stating that he seeks dismissal of these charges due to lack of indictment.  [12].

Since Davis signed his petition on September 8, 2022, the Circuit Court of Lauderdale County has disposed of the two arson counts.  On September 15, 2022, the Lauderdale County Grand Jury returned a "No True Bill" as to cause number 22-260.  [15-5].  As a part of a plea agreement Davis entered on December 13, 2022 on an unrelated burglary charge, the State agreed not to prosecute Davis on the remaining arson count, cause number 21-2084.  [15-8] at 3-4.  On December 15, 2022, the Circuit Court of Lauderdale County entered its Order Accepting

Guilty Plea and Imposing Sentence on the unrelated burglary charge, sentenced Davis to time served, and immediately released him from custody. [15-9] at 4.

Although the State argues several bases for dismissal, the undersigned finds that the petition should be dismissed based on the doctrine of mootness. A case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990)). Since Davis filed his petition, the State has disposed of the two arson counts about which he complained, and Davis has been released from the custody of the Lauderdale County Detention Center. Accordingly, the undersigned finds that this case is moot and should be dismissed without prejudice. *See McBride v. Lumpkin*, No. 19-51160, 2022 WL 1800842 (5th Cir. June 2, 2022) (observing that a moot habeas petition should be dismissed without prejudice).

For these reasons, the undersigned recommends that Respondent's motion be granted and the petition be dismissed. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[1] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 12th day of July, 2023.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[1] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).